MACEIRA, DEMANDANTE Y APELANTE, *v.* PIETRI ET AL.,
DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Segunda, en pleito sobre desahucio.

No. 2528.—Resuelto en mayo 23, 1922.

DESAHUCIO—CONFLICTO DE TÍTULOS—La bien conocida doctrina de que el pro-
cedimiento de desahucio no es adecuado para resolver un conflicto de títu-
los no impide que un arrendatario pueda resistir el desahucio a virtud de
un alegado arrendamiento ni que un arrendador pueda recobrar la posesión
mediante desahucio por el mero hecho de que el arrendatario alegue la exis-
tencia de un arrendamiento.

ID.—*Estoppel*—MANDATO—PRUEBA DEL MANDATO.—En el juicio de desahucio los
demandados ofrecieron prueba testifical para demostrar que un mandatario
autorizado para ciertos fines formalizó un arrendamiento e hizo otros actos
de los cuales el demandado quiere deducir la participación del principal.
Esto no es bastante para fundamentar un *estoppel* contra el arrendador ni
es esa la prueba positiva que se necesita para establecer el mandato.

ID.—CONFLICTO DE PRUEBA NO RESUELTO POR LA CORTE INFERIOR—FACULTADES
DE LA CORTE SUPREMA.—Cuando en una contienda litigiosa las dos partes
han sometido toda su prueba en pro y en contra y la corte inferior rehusa
dirimir el conflicto por creerse sin jurisdicción, la Corte Suprema tiene fa-
cultad para resolver la cuestión planteada.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Soto Gras & Siaca.*

Abogado de los apelados: *Sr. R. Cuevas Zequeira.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-
bunal

En este caso se siguió una acción de desahucio contra los
demandados quienes en el juicio alegaron la defensa de que
su posesión se fundaba en un contrato verbal de arrenda-
miento el cual según sus términos no había vencido. La corte
entonces dictó sentencia a favor de los demandados y en su
opinión rehusó resolver la cuestión de la existencia del arren-
damiento, pero fundó su sentencia en el motivo de que una
controversia como ésta, o ''un conflicto de derechos'' no po-
día resolverse en un juicio de desahucio. En esto se incu-
rrió en error.

Las decisiones de esta corte y de la Corte Suprema de
España que limitan la investigación en procedimientos de

desahucio, sólo declaran que generalmente no debe considerarse en ellos un conflicto de títulos, pero nunca se ha establecido que un arrendatario no podría ventilar su derecho a retener la posesión a virtud de un alegado arrendamiento, ni que un arrendador no podría obtener la posesión mediante el procedimiento de desahucio, por el mero hecho de que el arrendatario alegue que existe un contrato de arrendamiento. El verdadero objeto del procedimiento de desahucio es determinar si tiene el arrendador un derecho inmediato a la posesión. La existencia de un arrendamiento anularía este derecho, pero eso es todo. La cuestión de si había o no un contrato existente de arrendamiento debió haber sido resuelta por la corte inferior.

Las partes presentaron toda su prueba en cuanto a esto y la dieron por terminada. Estamos por tanto en perfectas condiciones para resolver la cuestión que la corte inferior creyó que no tenía jurisdicción para resolver.

La corte en su opinión manifestó que se inclinaba a creer que el mandatario de la arrendadora convino efectivamente en hacer un arrendamiento por un término de años con el principal demandado. Suponiendo por el momento que esto es cierto, no encontramos prueba suficiente de que dicho mandatario tuvo la debida autorización de su principal para hacer dicho arrendamiento. Al tratar el demandado de mostrar los actos y manifestaciones del mandatario respecto al hecho de haberse concertado el supuesto arrendamiento por años, la demandante por medio de sus abogados objetó que antes de que esta clase de prueba pudiera ser presentada primero debía probarse que dicho mandatario tenía la debida autorización de su principal para hacer el referido contrato. La corte, sin embargo, sin ofrecimiento alguno por parte del demandado para probar el mandato alegado, admitió la prueba. Los testigos ni siquiera llegan a decir que dicho mandatario aseguró tener derecho para efectuar el contrato de arrendamiento. Dichos testigos dicen que él hizo un arren-

damiento y permitió que el principal demandado incurriera en el gasto de seis o setecientos dólares en hacer los cambios que el Departamento de Sanidad ordenó fueran hechos en la propiedad arrendada.  Esto no es bastante para fundar un impedimento (*estoppel*) contra el principal.  Al ser examinado el mandatario como testigo, dijo con mucha franqueza que hubo negociaciones encaminadas al arrendamiento pero que nunca se perfeccionaron.  Sostuvo el testigo que su principal nunca prestó su conformidad.  Por otra parte, las bases para el alegado arrendamiento fueron sometidas por la principal demandada a su abogado quien fué a la silla de testigos para decir que él estaba demasiado ocupado para haber podido formularlas en debida forma.  Siguiendo en el examen de la prueba de ella aparece que el precio del canon nunca fué definitivamente convenido.

Si fuera sostenida la teoría de que las palabras y manifestaciones del mandatario obligarían al principal, entonces todo cocinero, todo empleado y todo mandatario podría irremisiblemente obligar a su principal.  El mandato debe establecerse mediante prueba positiva, o por un verdadero *estoppel* y en los autos no encontramos ni una ni otra cosa.

Pero vamos más allá.  El mandatario declaró terminantemente que sus facultades eran limitadas; que él sometió toda proposición a su principal, que sometió la referente al canon por años y dicho principal rehusó considerar la proposición.  Si se recuerda que estas alegadas negociaciones para un arrendamiento tuvieron lugar en el año 1918, varios años antes del inicio del procedimiento de desahucio, parece más bien improbable que ninguna de las partes hubiera consentido en la informalidad de un arrendamiento existente por años sin hacer un contrato escrito.  La principal demandada misma admite que ella dejó para luego el darle forma al contrato de arrendamiento.  Es verdad que ella alega que lo hizo así debido a las indicaciones del mandatario.  Pero examinada la prueba en conjunto encontramos que no está esta

conclusión sostenida y de todos modos no vemos prueba en los autos que justifique la conclusión de que el mandatario tenía autoridad para obligar a su principal con un arrendamiento por años. Declaramos que la principal demandada, sea cual fuere el concepto de daño o error, no presentó un caso para probar un arrendamiento por años.

La sentencia apelada debe revocarse y dictarse otra a favor de la demandante.

> *Revocada la sentencia apelada y decretado el desahucio solicitado, sin especial condenación de costas.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.