RICARDO CASALS, demandante y apelante, *v.* FRANCISCA DUMAS VDA. DE PADIAL, demandada y apelada; INSULAR MERCANTILE Co., interventora y apelante.

Núm. 8676.—*Sometido:* Noviembre 4, 1943. *Resuelto:* Enero 12, 1944.

*G. Cruzado Silva,* abogado del demandante apelante; *Géigel & Silva,* abogados de la apelada; *Eduardo Coll Cuchí,* abogado de la interventora apelante.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Elena Cámara de Schlüter fué dueña de una casa con solar radicada en la calle Duffaut de Santurce hasta que por escritura de 26 de agosto de 1937 la vendió a Insular Mercantile Co. Dicha escritura fué inscrita en el Registro de la Propiedad el 5 de noviembre de 1938. La Insular Mer-

cantile Co. alquiló la casa a Francisca Dumas viuda de Padial.

En mayo de 1940 el Colector de Rentas Internas de Santurce instó un procedimiento de apremio contra Elena Cámara de Schlüter para el cobro de ciertas contribuciones adeudadas por la referida finca, correspondientes al segundo semestre del año fiscal 1938–39, a las de 1939–40, y 18 plazos de la Ley 23, de 16 de julio de 1936 (Leyes de 1936, Sesión Extraordinaria, pág. 161), todo lo cual ascendió a $226.02. La subasta tuvo efecto el 4 de octubre de 1940, adjudicándose la propiedad al postor Ricardo Casals. No fué hasta el 17 de diciembre de 1940 que por primera vez se notificó a la Insular Mercantile Co. de este procedimiento. En cuanto a la Sra. Cámara, el Colector consignó en el certificado de compra de bienes que la había notificado por correo certificado el 15 de enero de 1941.

En mayo de 1942 Casals radicó la demanda de desahucio en precario contra Francisca Dumas viuda de Padial. La contestó la demandada con una negación general a la vez que interpuso excepción previa de falta de jurisdicción en la corte inferior. Asimismo alegó que estaba poseyendo el inmueble a virtud de contrato de arrendamiento celebrado entre ella y la propietaria del mismo, Insular Mercantile Co. La excepción previa fué oportunamente desestimada. El 10 de junio de 1942 la Insular Mercantile Co. presentó en la corte inferior una moción solicitando permiso para intervenir en su carácter de dueña de la finca y acompañó un proyecto de demanda de intervención. En dicho día se dió principio a la segunda comparecencia, continuándose la vista el día 12 del mismo mes. En esta segunda ocasión, es decir, en la vista celebrada el 12 de junio, se trajo a discusión la moción de la Insular Mercantile Co. Se opuso el demandante a que se concediera la intervención, alegando que la Insular Mercantile Co. trataba de alegar cuestiones de título, y tales cuestiones, alegó el demandante, no podían sus-

citarse dentro de una demanda de desahucio sino en el juicio plenario correspondiente. Resolvió la corte que como la demandada Dumas había levantado como defensa el título que tenía su arrendadora, a lo que tenía derecho según la corte inferior, se hacía innecesaria la intervención de la Insular Mercantile Co. y por ese motivo denegó la moción de intervención. Por último, terminada la prueba del demandante y de la demandada, la corte declaró que se había establecido un conflicto de títulos y desestimó la demanda.

Apelaron el demandante y la Insular Mercantile Co., esta última por habérsele denegado su alegado derecho a intervenir.

 No hay duda que se estableció un conflicto de título en el presente caso, pero ese conflicto no podía suscitarlo la arrendataria. Dispone el artículo 1450 del Código Civil que ''el arrendador no está obligado a responder de la perturbación de mero hecho, que un tercero causare en el uso de la finca arrendada; pero el arrendatario tendrá acción directa contra el perturbador.'' Prescribe además dicho artículo que ''no existe perturbación de hecho cuando el tercero, ya sea la administración, ya un particular, ha obrado en virtud de un derecho que le corresponde.''

Para determinar si la arrendataria en este caso, la Sra. Dumas, tenía derecho a invocar el título de su arrendador y suscitar de ese modo el conflicto de títulos a que se refirió la corte inferior, es preciso previamente determinar si la perturbación en el goce de la finca arrendada es una perturbación de hecho o de derecho. Si lo primero, la arrendataria tiene acción directa contra el perturbador, en este caso el demandante, y puede invocar el título de su arrendador. Si lo segundo, es decir, si se trata de una perturbación de derecho, es al arrendador a quien exclusivamente incumbe repelerla, no teniendo la arrendataria más recurso que el de dirigirse contra el arrendador. [2] En el presente caso el demandante impugna el título de la arrendadora ale-

gando que tiene derecho a la posesión de la finca a título de dueño a virtud de haberla comprado en el procedimiento de apremio. La perturbación es claramente de derecho. Pero si alguna duda pudiese existir sobre la naturaleza de la perturbación, la disipa Manresa al decir que cuando como en este caso la perturbación es judicial, la sola consideración de acudir el perturbador a los tribunales es indicio seguro de que no se trata de una perturbación de mero hecho. Manresa, Comentarios al Código Civil Español, tomo 10, págs. 563 et seq. [3] Tratándose, pues, de una perturbación de derecho que no podía repeler la arrendataria, erró la corte inferior al basar su sentencia en las alegaciones y la prueba de una parte que no tenía derecho a oponerse a las pretensiones del demandante. [4] En cambio no permitió intervenir a la arrendadora, quien por tratarse de una perturbación de derecho, era quien podía oponerse a las pretensiones del demandante.

El error de la corte al fallar el caso a favor de la demandada Dumas requiere que revoquemos la sentencia apelada. Pero como también erró al negar a la Insular Mercantile Co. el permiso para radicar demanda de intervención, no procede que dictemos sentencia declarando con lugar el desahucio, ya que de hacerlo así privaríamos a la Insular Mercantile Co. de sus derechos sobre la finca sin darle oportunidad de ser oída.

*Lo procedente dentro de las circunstancias concurrentes es revocar la sentencia apelada y devolver el caso a la corte inferior con instrucciones de permitir la intervención solicitada, hecho lo cual continuará la tramitación del pleito de manera no inconsistente con esta opinión.*

El Juez Asociado Sr. Snyder no intervino.