ADOLFO J. DE ARRASTIA Y MARÍA OCTAVIA ROSADO, demandantes y apelantes, *v.* JACOBO QUILES VÉLEZ, demandado y apelado.

Núm. 9302.—*Sometido:* Marzo 21, 1946. *Resuelto:* Abril 8, 1946.

*Francisco Vizcarrondo Morell,* abogado de los apelantes; Buenaventura *Esteve,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

La presente es una acción de desahucio radicada por un matrimonio contra el demandado, alegando éste que está en posesión de la finca en cuestión en virtud de un arrenda-

miento por cinco años que aún no ha expirado. En el juicio en los méritos, los demandantes alegaron que (1) el arrendamiento se obtuvo mediante amenazas y violencia, y (2) el arrendamiento era nulo por haberse otorgado por la esposa únicamente y no por el esposo, quien es el administrador de la sociedad conyugal.

Por la prueba la corte de distrito resolvió que el arrendamiento fué otorgado voluntariamente por la esposa. Nada encontramos en el récord que justifique que intervengamos con ese fallo.

Sin embargo, apoyándose en *Colón* v. *Santiago*, 64 D.P.R. 312; *Sucesión Pedroza* v. *Martínez*, 64 D.P.R. 5, y *P. R. Leaf Tobacco Co.* v. *Colón*, 50 D.P.R. 303, la corte inferior resolvió que la cuestión en cuanto a la validez del arrendamiento otorgado por la esposa era seria y sustancial, y que por tanto debería determinarse en una acción ordinaria y no en el procedimiento sumario de desahucio. Los demandantes apelaron de la sentencia de la corte de distrito declarando sin lugar la demanda por ese fundamento.

Cierto es que la escritura por la cual esta propiedad se adquirió decía que se adquiría por la esposa. Pero el artículo 1301 del Código Civil dispone que "Los bienes adquiridos por título oneroso durante el matrimonio a costa del caudal común, bien se haga la adquisición para la comunidad, bien para uno solo de los esposos" pertenecen a la sociedad conyugal. Aquí la escritura de compra manifestaba afirmativamente que en aquella época la esposa estaba casada con el codemandante. Y el demandado no presentó prueba en contrario. (¹)

El artículo 1301 contiene el requisito adicional de que tales bienes deben adquirirse "a costa del caudal común". Sin

(¹) El abogado del demandado se limitó a preguntarle a la esposa en el contrainterrogatorio si no había adquirido la propiedad antes de casarse. Su contestación de que no se acordaba la fecha en que se casó no afecta el punto aquí envuelto.

embargo, no se necesitaba prueba específica sobre este punto, ya que nada hay en el récord que destruya la presunción del artículo 1307 del Código Civil al efecto de que ''Se reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer.'' Véase *Consolidated Broadcasting Corporation* v. *Conesa,* ante, pág. 792.

■■ Al decidir que la controversia en cuanto a la validez del arrendamiento no podía resolverse en una acción de desahucio, la corte de distrito pasó por alto la naturaleza de esta controversia. Los casos en que descansó envolvían controversias en cuanto al título. Pero como hemos visto aquí no se levantó ninguna seria cuestión en cuanto al título. Por el contrario, los demandantes establecieron su título a la propiedad en controversia. En su consecuencia, el único punto que resta en el caso—la validez del arrendamiento sobre el cual el demandado basó su derecho a la posesión—podía propiamente decidirse en una acción de desahucio. Como dijimos en *Abarca* v. *Cordero,* 60 D.P.R. 519, 527, ''Nuestros casos sostienen que un conflicto serio sobre la cuestión del título es un impedimento para un pleito de desahucio. Pero aquí no hay disputa en cuanto al título. . . . La controversia en este caso gira alrededor del derecho a la posesión, basado en un alegado arrendamiento por término fijo. Aun cuando existiera un conflicto serio en la prueba en relación a la existencia [o validez] de tal arrendamiento, el pleito de desahucio es el remedio adecuado para resolver tal controversia. Esto es así porque la cuestión a decidirse en un pleito de desahucio es precisamente el derecho a la posesión. *Maceira* v. *Pietri et al.,* 30 D.P.R. 587.'' (Corchetes nuestros).

El caso será devuelto para un nuevo juicio, en el cual la corte inferior deberá determinar si hay hechos o circunstancias que excluyan este caso de la regla general de que el esposo, como administrador de la sociedad de gananciales, era

la persona llamada a arrendar tal propiedad a un tercero. Véanse los artículos 1312 y 91 del Código Civil.

*La sentencia de la corte de distrito será revocada y el caso devuelto para ulteriores procedimientos no inconsistentes con esta opinión.*