AGUSTÍN BERNAL TORRES, representado por su mandataria GREGORIA BERNAL SÁRRAGA, demandante y apelante, *v.* AMÉRICO TOLEDO CORREA, demandado y apelado.

Núm. 9332.—*Sometido:* Noviembre 14, 1946. *Resuelto:* Noviembre 18, 1946.

*Buenaventura Esteves,* abogado del apelante; *José Veray, Jr.,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Se trata aquí de un pleito de desahucio en precario entablado por Agustín Bernal Torres con el objeto de desahuciar a Américo Toledo Correa de una propiedad consistente de 2.395 cuerdas de tierra, una casa escuela y una vivienda. La corte de distrito resolvió que la prueba establecía un serio conflicto en relación con el título y que el procedimiento de desahucio en precario no era por tanto el remedio apropiado. El demandante apeló de esta sentencia a favor del demandado.

La prueba del demandante fué en el sentido de que el inmueble fué inscrito a su nombre en 1931; que le fué adjudicado a El Pueblo de Puerto Rico en 1937 como resultado de una subasta pública por falta de pago de contribuciones desde 1932 hasta 1936; que en 1941 el demandado pagó al gobierno $188.80 para redimir la propiedad; que en 1941 el demandado ofreció al demandante $400 por dichos bienes, oferta que rechazó por considerarla insuficiente; que debido a enfermedad descuidó la propiedad durante varios años; que en 1945 nombró apoderada a su hija, quien pagó las contribuciones sobre la propiedad por los años 1942–43, 1943–44 y 1944–45.

Un testigo de las conversaciones entre el demandante y el demandado declaró a favor del demandante en el sentido de que existía un "convenio de caballeros" para la venta de la propiedad, pero que la venta no se efectuó para aquella

fecha; que se convino en que tan pronto se arreglaran los documentos de la finca, él le vendería la propiedad al demandado por una suma que se acordaría más tarde; que el precio de venta no se fijó en $400.

El demandado, por otro lado, declaró que en 1941 pagó las contribuciones adeudadas, de conformidad con un convenio verbal entre él y el demandante, mediante el cual el último vendió la propiedad al demandado por $400. El convenio, de acuerdo con lo manifestado por el demandado, era en el sentido de que el demandado pagaría las contribuciones dejadas de pagar ascendentes a $188.80; que las partes prepararían la documentación correspondiente a la venta; que, luego del pago de $188.80, honorarios de abogado y de la documentación, si algún balance resultaba de los $400, el demandado lo pagaría al demandante; y que el demandado podía inmediatamente tomar posesión de la propiedad y podía reparar la casa y la casa escuela.

El demandado entró en posesión de la propiedad, invirtió $350 ó $400 en reconstruir la casa que encontró abandonada, y ha vivido en la misma desde 1941. El demandado gastó $500 en reparaciones a la casa escuela y cobró del municipio su renta hasta que surgió este pleito. Declaró que él no había pagado al demandante el remanente de los $400 porque él nunca recibió la documentación pertinente. La demora, según él, se debió a que el abogado encargado de preparar la escritura encontró que sobre la propiedad existía una hipoteca por la cantidad de $1,800 que impedía el traspaso de la misma al demandado, libre de gravámenes como se acordó.

El demandante sostiene que la corte de distrito erró al resolver que de la evidencia aparece un conflicto en cuanto al título. Él descansa en el artículo 1232 del Código Civil que provee que los contratos en los cuales la cuantía envuelta excede de trescientos dólares deben hacerse constar por escrito. Pero el récord contiene no solamente el testimonio

oral del demandado pero sí otros testimonios y circunstancias que levantan una cuestión sustancial en cuanto a si el demandante y el demandado hicieron un convenio verbal de compraventa de la propiedad. Por tanto, el récord levanta una seria cuestión en cuanto al título: si la prueba a favor del demandado es creída, ¿tendría él derecho, a tenor con el artículo 1231 del Código Civil, edición de 1930, a obligar al demandante a otorgar una escritura de acuerdo con los términos de su convenio verbal? *Cf. Abarca v. Cordero,* 60 D.P.R. 519, 526. Por tanto, no podemos decir, basándonos en la prueba del demandado y en todas las otras circunstancias concurrentes en este caso, que la corte de distrito erró al resolver que existe en el mismo un conflicto en cuanto al título dentro del significado de nuestros casos. Véanse *Sucn. Pedroza v. Martínez,* 64 D.P.R. 5, y casos allí citados; *De Arrastia v. Quiles,* 65 D.P.R. 912. La controversia entre las partes debe ser resuelta mediante un procedimiento distinto.

*La sentencia de la corte de distrito será confirmada.*