Félix Nieves Peluyera, demandante y apelante, *v.* Angel, Dolores y Gabriela Ayala Falcón y Felipa Nieves, demandados y apelados.

Núm. 9360.—*Sometido:* Noviembre 14, 1946. *Resuelto:* Enero 13, 1947.

---

*Luis Mendín*, abogado del apelante; *J. Calasanz Rivera*, abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Félix Nieves Peluyera, demandante y apelante, adquirió en enero 29 de 1940, por la cantidad de $54.56, una finca que fué subastada para el cobro de contribuciones atrasadas y adeudadas por José Ayala Falcón, su anterior propietario. Éste, al igual que su esposa, María Nieves Falcón, murieron; y los herederos de ambos, aquí demandados, alegan ser dueños en común proindiviso de la finca en cuestión. Alegan también que, aunque es cierto que la finca fué vendida en pública subasta y adjudicada al demandante, también es cierto que toda esta transacción fué consumada puestos de común acuerdo el demandante y María Nieves, causante de los demandados, actuando el demandante por instrucciones y con dinero ($25 en efectivo) que le entregara María Nieves para que comprara la finca, pero entendiéndose que el demandante pasaría el título a María Nieves y a la sucesión tan pronto le fuese reembolsada la cantidad de dinero adelantada por él en la subasta, y conviniendo, además, en que el demandante sembraría 2½ cuerdas de tabaco con la condición de que, del producto de dicha cosecha, correspondería a María Nieves el 25 por ciento, del cual el demandante se

reembolsaría la cantidad de dinero que había adelantado en el remate, más sus intereses legales; que el demandante sembró y cosechó el tabaco, apropiándose $96, o sea el 25 por ciento que le pertenecía a María Nieves, como habían convenido, para reembolsarse la cantidad adelantada en el remate y para el pago de contribuciones futuras; que a pesar de haber sido reembolsado con creces, el demandante se niega a traspasar la finca a la sucesión como había sido convenido.

Celebrada la vista, la corte inferior llegó a la conclusión de que aun cuando es cierto que el demandante adquirió la finca por compra en pública subasta por la suma de $54.56, los demandados han establecido y probado la existencia de un legítimo y genuino conflicto de título sobre la finca; que habiendo una reclamación *bona fide,* opuesta de título, ésta no puede ser juzgada ni resuelta en un procedimiento de desahucio. La corte procedió a dictar sentencia desestimando y declarando sin lugar la demanda de desahucio, imponiéndole las costas al demandante sin incluir honorarios de abogados. De esta sentencia apela el demandante alegando que la corte inferior cometió los errores que a continuación se discuten.

██ Alega el apelante que la corte inferior erró al considerar alegado, establecido y probado a su juicio la existencia de un legítimo y genuino conflicto de títulos sobre la finca.

El título de compra o adjudicación en subasta para el pago de contribuciones transmite la propiedad al comprador o adjudicatario y es inscribible, a pesar del derecho de redención que la ley concede al deudor. *The National City Bank of N. Y.* v. *El Registrador de la Propiedad de Mayagüez,* 44 D.P.R. 431. Entendemos que el demandante, al obtener el certificado de compra de bienes inmuebles, expedido por el Colector de Rentas Internas de Aguas Bunas, adquirió desde ese momento el derecho de propiedad sobre la finca.

Empero, habiendo revisado la prúeba presentada ante la corte inferior, tenemos que concurrir con ella y admitir que si bien es cierto que el demandante posee tal certificado de compra, también es cierto que lo posee, según lo alegado, como garantía del dinero adelantado por él a María Nieves al comprar la finca en subasta pública, y que está obligado, de ser cierto lo alegado, a traspasar el título a la sucesión de acuerdo con el convenio entre él y María Nieves, puesto que fué reembolsado con creces por el dinero adelantado en el remate. Si el demandante es dueño único y absoluto de la finca en controversia o si es meramente un fiduciario (trustee), quien posee el título que ostenta para beneficio de los demandados, como herederos de José Ayala y María Nieves, es una cuestión que envuelve un conflicto de títulos que no debe ni puede dilucidarse en una acción de desahucio. En distintas ocasiones, este Tribunal ha dicho que reclamaciones opuestas de título, si son bona fide, no pueden ser juzgadas y resueltas en un procedimiento de desahucio. Un pretexto baladí a ese respecto será pasado por alto. Una cuestión aparentemente bona fide, sostenida por prueba que sea suficiente para demostrar algún color de la existencia de un derecho, evidencia suficiente para presentar una cuestión genuina de título, justificará y requerirá la desestimación del procedimiento. *Sucesión Pedroza* v. *Martínez,* 64 D.P.R. 5; *Colón* v. *Colón,* 51 D.P.R. 97; *Porto Rican Leaf Tobacco Co.* v. *Colón,* 50 D.P.R. 303. A nuestro juicio no erró la corte al considerar alegada, establecida y probada la existencia de un legítimo y genuino conflicto de títulos sobre la finca.

*Por las razones expuestas creemos que la sentencia de la corte inferior debe ser confirmada.*