PASCUAL CRUZ, demandante y apelante, *v.* ALFONSO SANZ ALLENDE, demandado y apelado.

Núm. 9435.—*Sometido:* Marzo 3, 1947. *Resuelto:* Abril 11, 1947.

*César Andréu Ribas,* abogado del apelante; *G. Jiménez Sicardó,* abogado del apelado.

---

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Se trata de un pleito de desahucio en el cual la corte inferior, antes de terminar la presentación de la evidencia del demandante, desestimó la demanda porque entendió que existe un conflicto de título. Conforme resulta de la evidencia del demandante, el dueño del edificio en cuestión lo había arrendado a Arturo Bernard para establecer allí un negocio de dormitorios. Bernard vendió al demandante Pascual Cruz el equipo de la casa de dormitorios y le cedió sus derechos en el contrato de inquilinato o subarrendó el local a Pascual Cruz, a lo cual asintió el dueño del edificio, si bien continuó extendiendo los recibos del alquiler a nombre de Bernard. Más tarde, Pascual Cruz celebró un contrato de arrendamiento del equipo con el demandado Alfonso Sanz y le subarrendó el local por un canon de $8 diarios que comprendía, tanto el uso del equipo, como el del local. Algún tiempo después, Sanz se dirigió al dueño del local y le dijo que él había comprado a Pascual Cruz el equipo del negocio y que deseaba celebrar un contrato de arrendamiento del local. Creyendo que era cierto lo que le decía Sanz, el dueño formalizó con él un contrato de arrendamiento y como garantía del mismo le exigió una fianza que Sanz prestó entregándole un cheque certificado expedido por otra persona. Inmediatamente se enteró Pascual Cruz de la transacción celebrada entre Sanz y el dueño del local e informó a éste y a su abogado la falsedad de que se había valido Sanz, al decirle que era dueño del equipo y con tal motivo el dueño del local comunicó por escrito a Sanz que dejaba sin efecto el contrato y devolvió al fiador el cheque certificado. Sanz no consignó protesta alguna ante el dueño del local, ni pagó ningún canon de arrendamiento, ni al dueño ni a Pascual Cruz, siendo éste quien continuó pagando dichos cánones por su propia cuenta, como lo había venido haciendo antes a virtud del contrato que había celebrado con Bernard.

■■ Conforme ha resuelto el Tribunal Supremo de España, sólo puede existir el conflicto de título cuando el demandado opone un título de dominio que tienda a justificar que la posesión en que se halla no es la de arrendatario, administrador, custodio del inmueble o lo disfrute en concepto de precarista, es decir, sin título, por la tolerancia del dueño y sin satisfacer renta o merced alguna.[1] Sentencia de 29 de mayo de 1920, 150 Jur. Civil, pág. 440. Pero, cuando como en el presente caso, el demandado sólo opone la condición de arrendatario que es una de las contempladas por el art. 621 del Código de Enjuiciamiento Civil, entonces no puede existir un conflicto de título que impida la acción especial de desahucio porque, precisamente, de conformidad con dicho precepto legal, el arrendatario es una de las personas contra quien puede interponerse el procedimiento especial de desahucio y dentro de ese procedimiento la controversia es: quién tiene el mejor derecho a la posesión, si el demandante que debe ser una de las personas mencionadas en el art. 620 del Código de Enjuiciamiento Civil,[2] o el demandado que como el de este caso está comprendido dentro de las personas contra quienes puede establecerse el desahucio. *Maceira* v. *Pietri et al,* 30 D.P.R. 587; *Colón* v. *Colón,* 51 D.P.R. 97; *Abarca* v. *Cordero,* 60 D.P.R. 519 y *De Arrastia* v. *Quiles,* 65 D.P.R. 912.

No existiendo en el presente caso conflicto de título que impida el procedimiento especial de desahucio, pues el único

[1] El art. 621 del Código de Enjuiciamiento Civil (ed. 1933) según fué enmendado por la Ley núm. 14 de 21 de noviembre de 1941, Sesión Especial, pág. 45, en lo pertinente, dice así:

"Procederá el desahucio contra los inquilinos, colonos y demás arrendatarios, los administradores, encargados, porteros o guardas, puestos por el propietario en sus fincas, y cualquiera otra persona que detente la posesión material o disfrute precariamente, sin pagar canon o merced alguna; ..."

[2] El art. 620 del Código de Enjuiciamiento Civil (ed. 1933) prescribe:

"Tienen acción para promover el juicio de desahucio los dueños de la finca, los usufructuarios y cualquiera otro que tenga derecho a disfrutarla, y sus causahabientes."

título que opone el demandado es el de arrendatario, *procede revocar la sentencia apelada y devolver el caso a la corte inferior para que continúe el juicio y oída. toda la prueba, dicte la sentencia que fuere procedente.*