Eduvigis Rodríguez Cintrón, peticionaria, *v.* Tribunal de Distrito de San Juan, Hon. Joaquín Correa Suárez, Juez, demandado; Dolores Santiago Ferrer, interventor.

Núm. 13.—*Sometido:* Mayo 9, 1949. *Resuelto:* Diciembre 23, 1949.

*Diego O. Marrero,* abogado de la peticionaria; *F. Hernández Vargas, E. Rodríguez Otero* y *Marcos A. Ramírez,* abogados del interventor.

El Juez Asociado Señor Negrón Fernández emitió la opinión del tribunal.

Expedimos el auto de *certiorari* para revisar una resolución de la corte inferior permitiendo la intervención de Dolores Santiago Ferrer en un pleito de desahucio instado por Eduvigis Rodríguez Cintrón contra Erasmo Torres.

De los autos ante nos aparece que el 19 de julio de 1948[1] Dolores Santiago Ferrer inició acción civil contra Eduvigis Rodríguez Cintrón para que ésta le transfiriera el título sobre un solar de 200 metros cuadrados que se describía en la demanda, alegando que con dinero de la sociedad de gananciales, constituída por el demandante y su esposa Ana Negrón Muñiz, había comprado dicho solar por escritura número 64 otorgada el 12 de julio de 1944 ante el notario Pablo Juan Toro, haciendo figurar a la demandada como si hubiese sido la verdadera compradora de dicho inmueble con el único propó-

---

[1] Según la demanda de intervención, dicha acción se inició por demanda de fecha *29 de junio* de 1948, enmendada el 19 de julio del mismo año.

sito de que ésta fuera depositaria del mismo y lo retuviera para el demandante y su sociedad de gananciales, bajo el entendido de que se le devolvería y transferiría su título tan pronto el demandante se lo requiriera; que habiéndoselo así requerido a la demandada repetidas veces, ésta se negaba a devolverle dicho inmueble y a transferirle el título sobre el mismo; que con dinero también perteneciente a la sociedad de gananciales el demandante había edificado en el referido solar una casa de una sola planta, de concreto, estando pendiente de otorgamiento la escritura de edificación; que el valor del solar era de no menos de $1,100 a la fecha de la interposición de la demanda y que desde el momento de la compra del solar y edificación de la aludida casa, el demandante había estado en pública, pacífica y continua posesión de dicho inmueble, ejercitando toda clase de actos de posesión y propiedad y percibiendo sus rentas y frutos.

El 19 de agosto de 1948 Eduvigis Rodríguez Cintrón—la demandada en la acción anteriormente indicada—inició acción de desahucio en precario contra Erasmo Torres, alegando ser dueña de un solar de 200 metros, también descrito en la demanda, y de una casa de madera, techada de zinc en él construída, la cual propiedad ocupaba el demandado Torres sin pagar canon o merced alguna por dicha ocupación y contra la voluntad de la demandante quien, según la demanda, en varias ocasiones le requirió para que hiciera el correspondiente contrato de arrendamiento, habiéndose negado a ello Torres, así como a desocupar y dejar la referida propiedad a disposición de la demandante. Se alegó que el solar pertenecía a la demandante según escritura número 64 otorgada a su favor ante el notario Pablo Juan Toro (sin indicar año) por Deogracias Viera Sosa y su esposa, inscrita dicha escritura en el registro de la propiedad; y que la casa también pertenecía a la demandante según declaración de edificación por ella hecha en escritura número 8 de 2 de julio de 1948 ante el notario Diego O. Marrero, inscrita también en el registro de la propiedad.

El 27 de agosto de 1948 contestó Erasmo Torres la demanda de desahucio, negando los hechos alegados en la misma e interponiendo varias defensas especiales. Además, alegó lo siguiente: "El demandado tiene concertado un contrato de arrendamiento, por tiempo indefinido, de mes a mes y por un canon mensual de $30 con el señor Dolores Santiago Ferrer, a quien en unión a su esposa doña Ana Negrón Muñiz ha reconocido en todo tiempo como único y absoluto dueño de la vivienda en cuestión en este pleito, cuyo contrato de arrendamiento ha venido cumpliéndose con toda puntualidad, habiendo pagado todos los cánones correspondientes a las mensualidades vencidas de dicho arrendamiento."

En igual fecha solicitó Dolores Santiago Ferrer que se le permitiera intervenir en dicho pleito de desahucio, acompañando a su moción a ese efecto la demanda de intervención. En ella reprodujo sustancialmente las alegaciones contenidas en su demanda enmendada en la acción civil contra Eduvigis Rodríguez Cintrón a que antes hemos hecho referencia, y además alegó que como único dueño del solar y casa descritos en la demanda de desahucio, había cedido dicha propiedad en arrendamiento al demandado Erasmo Torres mediante contrato de mes a mes y por un canon convenido de $30 mensuales, el cual contrato se venía cumpliendo puntualmente sin perturbación de persona alguna, ni aun Eduvigis Rodríguez Cintrón, hasta después de haber él iniciado la acción civil de referencia, contra la demandante en el pleito de desahucio.

Se opuso la demandante a la intervención solicitada y señalada una vista para la discusión de la misma, estipularon las partes solicitar la suspensión del juicio de desahucio "para después que el Tribunal resuelva las cuestiones de derecho planteadas por dicha moción de intervención".

La corte inferior dictó resolución admitiendo la demanda de intervención. Así se expresa, en parte, la corte inferior:

"En el proyecto de demanda de intervención, el interventor alega ser el dueño único del solar y la casa objeto de este pleito de desahucio. (Véase apartado 7 de la demanda de intervención). El inter-

ventor acompaña a su proyecto de demanda de intervención una copia certificada de su demanda en el caso Civil núm. 8289. Esa demanda fué radicada el 19 de julio de 1948, o sea, precisamente un mes antes de radicarse la demanda de desahucio. Alega igualmente el interventor, que ha poseído y ha tenido bajo su dominio, en todo tiempo, dicho solar y casa desde que compró el primero y edificó la segunda, pública y pacíficamente sin interrupción física o legal alguna, ejercitando sobre su dicha propiedad todos los actos de posesión y dominio inherentes a su derecho y títulos, no habiendo sido perturbado en el disfrute y uso de dicha propiedad por persona alguna, y especialmente por Eduvigis Cintrón, quien, en ningún momento ejercitó acto alguno de posesión o dominio sobre dicha propiedad.

"El solo hecho de que el interventor haya incoado pleito independiente contra la demandante en este caso, no sería bastante para inclinarnos a considerar su conexión con la propiedad objeto de este caso como suficientemente fuerte para dar color de título a su alegación. Lo que nos impresiona grandemente y nos parece debe ser motivo de clarificación a través de prueba, es la alegación que el interventor hace, bajo juramento, de que fué él quien compró el solar a Deogracia Viera Sosa y esposa bajo el entendido o convenio con la demandante en este caso de poner la propiedad a su nombre para ésta última devolverla al interventor al ser requerida para ello. El interventor alega además, que fué él quien edificó la casa que sobre el solar hoy existe. A nuestro juicio resulta evidente que el acto de edificar una casa requiere el cumplimiento de requisitos tales que de establecerse a través de prueba, claramente sostendría el título del interventor, por lo menos, a la casa edificada.

"No resolvemos en este momento el título que el interventor alega a la propiedad objeto de este caso; únicamente resolvemos que de la faz de sus alegaciones surge, con suficiente fuerza, una alegación de título que de establecerse concluyentemente por la prueba, sin duda alguna daría al traste con el procedimiento de desahucio que la demandante ha iniciado."

Sostiene, en síntesis, la peticionaria, que la corte inferior erró al admitir la demanda de intervención toda vez que en la misma no se hizo alegación suficiente de título o color de título del que surgiera un conflicto con el título inscrito de la demandante, siendo para esto necesario que se alegara la constancia, en documento indubitable, del título a oponerse.

■ Hemos resuelto que en una acción de desahucio en precario fundada en el derecho del actor a la posesión de la propiedad a título de dueño, el arrendatario no puede invocar el título de su arrendador para oponerlo al del demandante, por ser la perturbación del arrendatario en el goce de la finca una *de derecho*, correspondiendo exclusivamente al arrendador el repelerla. *Casals* v. *Dumas*, 62 D.P.R. 741. Para esos fines, debe permitirse la intervención de éste en el pleito de desahucio si así lo solicita.

En el caso de autos, tanto el demandado Torres en su contestación como el interventor Santiago Ferrer en su demanda de intervención alegaron que la propiedad la disfrutaba Torres como arrendatario de Santiago Ferrer bajo un contrato de arrendamiento entre ambos. Correspondía, por lo tanto, al arrendador y no al arrendatario repeler la perturbación de derecho. ¿Son las alegaciones de su demanda, en cuanto al título a oponer al de la demandante, suficientes para que se le permita la intervención?

■ En *Nieves* v. *Ayala*, 66 D.P.R. 787, dijimos que "Si el demandante es dueño único y absoluto de la finca en controversia o si es meramente un fiduciario (*trustee*), quien posee el título que ostenta para beneficio de los demandados... es una cuestión que envuelve un conflicto de títulos que no debe ni puede dilucidarse en una acción de desahucio." Esta regla es de aplicación también a casos como el presente en que no sea el demandado en el pleito de desahucio el que reclame como suyo el título que ostenta el demandante, y sí el interventor, por ser a éste a quien corresponde repeler la perturbación de derecho ocasionada por dicho pleito, y alegar ser el beneficiario en el fideicomiso constituído y que ostenta el actor en el pleito de desahucio.

■ Para que exista conflicto de título es necesario que el demandado oponga un título de dominio que tienda a justificar que la posesión en que se halla no es la de arrendatario, administrador, custodio del inmueble o lo disfrute en concepto de precarista, es decir, sin título, por la tolerancia del dueño

y sin satisfacer renta o merced alguna. *Cruz* v. *Sanz,* 67 D.P.R. 173. Es obvio que cuando es al arrendador a quien corresponde repeler la perturbación, por ser ésta una de derecho, y en su demanda de intervención alega que el título del demandante lo ostenta éste como fiduciario suyo, exponiendo las circunstancias bajo las cuales se constituyó el fideicomiso, dicha demanda es suficiente para que se permita su intervención porque pone de manifiesto un derecho del interventor opuesto a las pretensiones del demandante en el pleito principal. *Carrasquillo* v. *Ripoll y Montalvo, Int.,* 56 D.P.R. 318.

En cuanto al solar, si bien se admite que en la escritura de compraventa aparece la demandante como compradora del mismo, esto no obstante no impediría que, bajo las alegaciones de que dicho título lo ostenta para beneficio del interventor, éste demostrara su título al mismo, derrotando así las pretensiones de la demandante. Véase *Sucn. Pedroza* v. *Martínez,* 64 D.P.R. 5. En cuanto a la casa, la alegación de que fué construída por el interventor con dinero de la sociedad de gananciales por él constituída con su esposa, es suficiente para alegar un conflicto de título verídico y genuino en relación con ella. *Sucn. Pedroza* v. *Martínez,* supra.

Por los fundamentos expuestos, concluimos que no erró la corte inferior al admitir la demanda de intervención.

*Debe anularse el auto expedido.*