IGARTÚA *v.* PÉREZ.

Apelación procedente de la Corte de Distrito de Aguadilla.

No. 121.—Resuelto en abril 29, 1907.

APELACIÓN—DECLARACIONES CONTRADICTORIAS.—En los casos en que las declaraciones de los testigos fueren contradictorias, á falta de alguna circunstancia extraordinaria, como fraude ó manifiesta incredibilidad, el Tribunal de apelación debe aceptar las conclusiones ó resultancias de hecho que sean consecuencia necesaria de la sentencia dictada por la corte inferior.

DESAHUCIO—POSESIÓN É IDENTIDAD DE LA FINCA.—Si en un juicio de desahucio fundado en la posesión en precario por parte del demandado, el demandante dejare de probar que la finca á que se refiere la demanda, es la misma de que está en posesión el demandado, éste no tiene necesidad de presentar documento alguno para justificar el título con que posea.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Franco Soto.*

La parte apelada no compareció.

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

Doña Teresa Igartúa y del Valle compró á Doña Susana de Jesús una propiedad y estableció demanda de desahucio contra Manuel Pérez, como poseedor en precario para recuperar cierta propiedad que dice es parte de la compra. Este último alegó en su contestación que había estado en posesión de dicha propiedad por algunos años y que la había adquirido por herencia. Durante el juicio, según se ve del pliego de

excepciones, se presentaron cuestiones referentes á la pose-
sión, herencia é identificación de la finca que se trata de recu-
perar, resolviendo la corte que la preponderancia de la evi-
dencia estaba á favor del demandado. En la apelación ante
esta corte, el caso no fué argumentado, pero el abogado del
apelante alega que Doña Teresa Igartúa ha probado tener
la posesión civil y material de la referida finca. Hubo con-
tradicción en la prueba con respecto á la identificación de la
propiedad. Por lo que habiéndose dictado sentencia á favor
del demandado, debe presumirse que la cuestión, objeto del
litigio, ha sido resuelta á su favor, y á falta de alguna circuns-
tancia extraordinaria como fraude ó improbabilidad inhe-
rente (*inherent improbability*), esta corte debe aceptar las
conclusiones de hecho de la corte inferior en los casos en que
dichas conclusiones debían presumirse necesariamente de la
sentencia. No se ha demostrado que la finca que el apelante
compró sea la misma que posee el apelado. Es cierto que
aunque algunos de sus testigos aseguran que esa finca es la
de la demandante, ó sea la que es objeto de este procedimiento
de desahucio, otros sostienen que el apelado ha estado en
posesión de la referida finca constantemente. El apelante no
probó que ella ó sus antepasados tuvieran la verdadera pose-
sión de la finca que hoy tiene el apelado.

No estamos de acuerdo con el apelante en que el apelado
tenga la obligación de presentar prueba documental de su
título, porque los puntos litigiosos entre las partes se refieren
solamente á la verdadera posesión y á la identificación, es-
tando de parte del apelante la obligación de probar estos
hechos afirmativamente.

Por estas razones debe confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asocia-
dos, Hernández, Figueras y MacLeary.