Miranda, Apelado, *v.* Camerón et al., Apelantes.

Apelación procedente de la Corte de Distrito de Arecibo.

No. 965.—Resuelto en mayo 7, 1913.

Desahucio—Cuestiones de Derecho—Posesión en Concepto de Dueño.—Cuando en una acción de desahucio por precario el demandado contesta alegando que no posee en tal concepto, sino como dueño, y presenta alguna evidencia que aparentemente demuestre a la corte sentenciadora que su posesión no es precaria, no debe declararse con lugar la demanda de desahucio.

Id.—Posesión en Concepto de Dueño—Pruebas.—Aun cuando un demandado en una acción de desahucio en precario alegue en su contestación que posee en concepto de dueño, esta alegación por sí sola no es bastante para impedir que la corte inferior dicte sentencia declarando con lugar la demanda de desahucio, cuando la prueba del demandado no demuestra a primera vista que tenga aparentemente título alguno a la propiedad de la finca en litigio.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Herminio Miranda* y *Cay. Coll Cuchí.*

Abogado del apelado: *Sr. Félix Santoni.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

La única cuestión que los apelantes suscitan ante esta Corte Suprema en este recurso, es la de si puede declararse con lugar una demanda de desahucio y ordenarse el lanzamiento de unos demandados de las fincas que ocupan, cuando alegan en su contestación que las poseen como dueños, y presentan alguna evidencia para sostener tal alegación.

Varias veces ha sido tratada esa cuestión por esta Corte Suprema, pues ya se dijo en el caso de *Mehrhof* v. *Rodríguez,* 14 D. P. R., 67, lo siguiente:

"* * * Y aquí repetimos lo que ya dijo esta corte en el caso de *Pedro Regalado* v. *Francisco Méndez,* decidido en 12 de diciembre de 1904, que, según sentencia del Tribunal Supremo de España, de 8 de abril de 1897, no es un juicio de desahucio el adecuado para hacer declaraciones de derecho más o menos controvertibles. No quiere decir esto, como parece entender la parte apelante, que toda alegación de

propiedad deba reservarse para otro juicio, pues si se alega como fundamento de la demanda la posesión en precario por parte del demandado, bien puede alegar éste en su defensa que posee en concepto de dueño y traer al juicio justificación sobre ese extremo, en cuyo caso, si se demostrare como sucede en el presente caso, que el precario no existe, debe declararse sin lugar el desahucio, sin que por ello se prejuzgue el resultado de un juicio ordinario en que las partes pueden discutir sus derechos dominicales sobre la misma finca objeto del desahucio."

La más reciente de nuestras decisiones sobre el particular, es la del caso de *Torres et al.* v. *Pérez,* 18 D. P. R., 573, en el que dijimos lo que sigue:

"El juicio de desahucio es un procedimiento especial cuyo único fin es recuperar la posesión de algún inmueble, lanzando de él a quien lo detente sin título alguno para ello. Este juicio no sirve por tanto para resolver sobre el derecho de propiedad, y por eso cuando el demandado alega algún título para la posesión, si esa alegación no está desnuda de toda prueba, no debe decretarse el desahucio y deberán las partes discutir en juicio ordinario cuál tiene el título legal a la finca antes de que pueda prosperar tal clase de acción   *   *   *.

"En este caso la demandada, a la alegación de que poseía en precario, contestó expresando que era dueña por título de compra y que como tal vendió a Pedro Olivo una parte de la finca, hecho éste reconocido por los demandantes; y como presentó alguna evidencia para probar su adquisición, ésto suscita la cuestión de si ella efectivamente es dueña o nó por título de compra, cuya controversia no puede resolverse en un juicio de desahucio por no ser el apropiado para resolver cuestiones sobre propiedad."

En consecuencia, cuando el demandado en desahucio por precario contesta alegando que no posee en tal concepto, sino como dueño, y presenta alguna evidencia que aparentemente demuestre a la corte sentenciadora que su posesión no es precaria, no debe entonces declararse con lugar la demanda de desahucio.

Así, pues, será necesario determinar en este caso con vista de la evidencia presentada, si hay alguna por parte de los

demandados que aparentemente demuestre que no poseen en precario sino en concepto de dueños.

La acción en este caso, fué ejercitada por el administrador judicial de la herencia dejada por Guillermo Camerón Schoon para beneficio de los herederos, y los demandados que son una parte de ellos, han alegado que son los únicos y exclusivos dueños de las fincas objeto del juicio de desahucio. Para sostener esta alegación presentaron como única evidencia la declaración del codemandado Guillermo Camerón, quien con respecto a este particular manifestó que su padre Guillermo Camerón Schoon fué casado dos veces, teniendo hijos en ambos matrimonios; que antes de morir los llamó a todos y les dividió sus fincas extrajudicialmente dando a cada uno una parte de ellas; que desde entonces los demandados trabajan las fincas reclamadas; que su padre no les hizo escritura de las fincas que les entregó, porque unos eran menores y otros mayores, pero se la hizo a un cuñado de ellos, Agustín Richard, para que luego éste se las traspasase a los demandados, lo que no ha hecho, y que luego hubo un pleito sobre nulidad de esa escritura.

Por la evidencia presentada por el demandante se viene en conocimiento de que en efecto, por escritura pública número 100 de 1°. de agosto de 1904, Guillermo Camerón y Schoon y su esposa vendieron a Agustín Richard González cuatro fincas, tres de las cuales son las que motivan el presente juicio, por cierta cantidad de dinero que confesaron recibida; pero muerto Guillermo Camerón Schoon en 1904, sin testamento, se hizo la declaratoria judicial de sus herederos, y posteriormente por sentencia firme de la Corte de Distrito de Arecibo en pleito seguido por *Carlos, Jaime Camerón y otros* v. *Agustín Richard y otros,* fué anulada la escritura de venta de que hemos hecho mención, declarándose pertenecer a la Sucesión de Don Guillermo Camerón Schoon, las fincas en tales escrituras descritas y cancelándose los asientos que había producido en el registro de la propiedad, los que quedaron a nombre de Guillermo Camerón Schoon, según admi-

siones del abogado de los demandados hechas durante el juicio.

No creemos por tanto que la evidencia presentada para demostrar que los demandados no poseen en concepto de precario, sino de dueños, sea bastante para impedir que la corte inferior dictara la sentencia que pronunció declarando con lugar la demanda de desahucio, ya que no demuestra a primera vista que los demandados tengan aparentemente título alguno a la propiedad de las fincas objeto del juicio de desahucio, con mayor razón cuanto que han admitido que la escritura de venta de Richard, no solamente fué anulada, sino que se declaró por sentencia que las fincas comprendidas en esa escritura, que son a las que se refiere el desahucio, pertenecen a la Sucesión de Guillermo Camerón Schoon, representada en este juicio por el demandante.

En el caso de *Torres et al.* v. *Pérez* a que hemos hecho referencia, lo mismo que en los de *Pesquera* v. *Díaz,* 8 D. P. R., 114 y *Del Valle* v. *Andreu,* 11 D. P. R., 418, citado por los apelantes, se declararon sin lugar las demandas porque los demandados presentaron pruebas para demostrar que ellos no poseían en concepto de precario, y en vista de ellas así lo estimó el tribunal en cada caso; mas habiendo llegado en el presente caso a la conclusión, de que la evidencia de los demandados no es suficiente para demostrar que no poseen en precario, la sentencia apelada debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.