LUZ MILAGROS, CARMEN ALIDA y VÍCTOR MANUEL MELÉNDEZ ALVARADO, menores de edad y aquí representados por su padre con patria potestad CELESTINO MELÉNDEZ, y JOSÉ C. JUSINO, demandantes y apelados, *v.* EVANGELISTA y TOMÁS PACHECO y PABLO RIVERA, demandados y apelantes; RAFAEL GARCÍA ORRACA, Administrador Judicial, etc., interventor y apelante.

Número 10852.

*Sometido:* 3 de junio de 1953. *Resuelto:* 30 de junio de 1953.

*E. Martínez Rivera,* abogado de los apelantes; *José C. Jusino* y *Manuel Torres Reyes,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

Ante la sección de Bayamón del anterior Tribunal de Distrito de Puerto Rico se interpuso una demanda de desahucio en precario en que se alega que los demandantes son dueños de una finca y que los demandados, "sin título alguno, y sin pagar canon ni merced, detentan la posesión material, usan y disfrutan de dicha propiedad contra la voluntad de los demandantes."

Los demandados radicaron una contestación negando todos y cada uno de los hechos alegados en la demanda y exponiendo como "materia nueva y defensas especiales" que ellos "ocupan la propiedad descrita desde hace más de diez años a nombre y en representación de su verdadero dueño don Agustín Valiente Granda, hoy su sucesión, quien la ha poseído y disfrutado, a título de dueño, de buena fe, quieta, pública y pacíficamente, sin interrupción alguna, durante un período mayor de diez años."

Al celebrarse la vista del caso en sus méritos, los demandantes se limitaron a presentar prueba documental tendente a probar su título sobre la finca, y no presentaron prueba alguna sobre la posesión de los demandados, basándose en el criterio de que tal posesión de los demandados había sido admitida en la contestación. Por su parte, los demandados

no presentaron prueba de clase alguna, en vista de su creencia de que los demandantes no habían probado su caso. Así quedó el caso sometido a la decisión del tribunal a quo, el que finalmente dictó sentencia declarando con lugar la demanda, a base del siguiente criterio expresado por el tribunal:

"Después de su negación general de los hechos de la demanda, los demandados afirmativamente alegaron ser dueños de la finca por compra (aunque no dicen de quién ni cuándo) y alegan que están en posesión de esa propiedad por sí y por medio de sus anteriores dueños, (aunque no los nombran) de buena fe, con justo título, sin interrupción alguna y públicamente por más de 30 años, lo que constituye una negación-afirmativa (*negative pregnant*), lo que releva a los demandantes de prueba sobre esos extremos por tenerse como aceptados; *Somonte* v. *Mimoso,* 27 D.P.R. 398; *Stephens* v. *Conley,* 138 Pac. 189, Ann Cas 1915 D. 958, 21 R.C.L. 567.—Los demandados no presentaron prueba alguna en apoyo de sus pretensiones, ni objetaron la de los demandantes. Y el tribunal habiendo probado su título los demandantes, y vistos los artículos 620 y 621 del Código de Enjuiciamiento Civil, ed. 1933; y *Colón* v. *Colón,* 51 D.P.R. 97; *Dávila* v. *Soto Mayor,* 35 D.P.R. 794; 134 J. C., Sentencia Tribunal Supremo de España de 8 de abril de 1914; *León* v. *Alvarado,* 24 D.P.R. 701; y *Fulladosa* v. *Castro,* 27 D.P.R. 702, es de opinión que tienen los demandantes derecho al remedio solicitado, y que una sentencia declarando el lanzamiento de los demandados de la propiedad en cuestión, con gastos, costas y honorarios de abogado será registrada en virtud de las conclusiones a que hemos llegado y así se ordena."

Los demandados han apelado para ante este Tribunal, impugnando la sentencia dictada en su contra.

El demandante en una acción de desahucio en precario debe, en primer instancia, probar prima facie su caso, o sea, debe presentar prueba en torno a su título sobre la finca, y que esa finca es la misma que está en posesión del demandado. *Igartúa* v. *Pérez,* 12 D.P.R. 277, 278; *De León* v. *Pérez,* 54 D.P.R. 215. Debe también el demandante presentar prueba que tienda a caracterizar la posesión de la parte demandada como una en precario. En el caso de autos

los demandantes no presentaron prueba alguna en cuanto a la posesión de los demandados, y descansaron en supuestas admisiónes contenidas en la contestación, al alegar que ellos estaban en la posesión de la finca a nombre de su verdadero dueño, "quien la ha poseído y disfrutado, a título de dueño, de buena fe, quieta, pública y pacíficamente, sin interrupción alguna, durante un período mayor de diez años".

■  Es cierto que los demandados en parte, admitieron estar en posesión de la finca, pero esa alegación de posesión no fué aislada pero fué conectada y vinculada en forma inseparable y entrelazada con la alegación de que esa posesión era en concepto de dueño, de buena fe y sin interrupción por un período mayor de diez años. La admisión de posesión fué calificada por una alegación que caracterizaba la naturaleza de la posesión. La contestación en su totalidad es una antítesis de la posesión en precario de parte de los demandados. Se planteó debidamente una controversia o "issue" en cuanto a si los demandados poseían en precario. Por lo tanto, los demandantes venían obligados a presentar prueba sobre la naturaleza de la posesión de los demandados, y ellos no cumplieron con esa obligación.

El tribunal sentenciador resolvió que la alegación ya señalada de los demandados equivalía a un *negative pregnant*. No se trataba de una negación, sino de una alegación afirmativa. Las reglas de Enjuiciamiento Civil tienden a reducir la efectividad del concepto de *negative pregnant*, por ser éste una doctrina del derecho común que constituye una ficción saturada de refinamientos técnicos, no debiendo imponerse una penalidad a base de la existencia de un *negative pregnant* cuando una alegación realmente tiende a controvertir las alegaciones contrarias. 2 Moore's *Federal Practice* 1683, segunda edición, sección 8.24. Las reglas no son aplicables a acciones de desahucio (*Roger* v. *Torres*, 71 D.P.R. 852), pero el espíritu que las anima debe servir para interpretar situaciones como la envuelta en el caso de autos. La realidad ante nos es que los demandados alegan,

en esencia, que ellos no poseen en precario y que poseen como dueños. Por lo tanto, los demandantes no probaron un caso prima facie, no estando justificada una sentencia a su favor.

Ya se ha resuelto en Puerto Rico que no admite los hechos alegados en una demanda de desahucio en precario un demandado que niega que posee en precario, aunque reconozca que está en posesión como representante del verdadero dueño de ella. *Díaz* v. *Morales*, 39 D.P.R. 73. En *Escudero* v. *Mulero*, 63 D.P.R. 574, se establece que un demandado en desahucio que posea la finca objeto de la acción para conservarla, perteneciendo el dominio a otra persona, puede alegar que posee por un tercero que es el verdadero dueño, persona distinta de los demandantes, y probar que el tercero por quien posee ha estado en posesión por más de treinta años, ya que todo ello tiende a demostrar que su posesión no es un mero pretexto, levantándose, por lo menos, un conflicto de títulos.

De otro lado, los demandados en el caso de autos no presentaron prueba de clase alguna. En términos generales, la parte demandada en una acción de desahucio en precario, para que pueda derrotar la acción tiene que presentar prueba que demuestre prima facie que ella tiene título o que posee en concepto de dueño, no siendo suficiente la alegación de título, ya que tal alegación debe ser robustecida por prueba al efecto de que las pretensiones de título son *bona fide* y por prueba que levante un conflicto auténtico de títulos. *Faría* v. *Negrón*, 55 D.P.R. 18; *J. González & Cía.* v. *Aponte*, 55 D.P.R. 826; *Pérez* v. *Castro*, 52 D.P.R. 274; *Colón* v. *Santiago*, 64 D.P.R. 312; *Nieves* v. *Ayala*, 66 D.P.R. 787; *Negrón* v. *Corujo*, 67 D.P.R. 398; *Ríos* v. *Román*, 71 D.P.R. 207; *Crespo* v. *Irizarry*, 71 D.P.R. 963; *Miranda* v. *Camerón*, 19 D.P.R. 488. Estrictamente, los demandados no tenían que presentar prueba alguna en el caso de autos, ya que la prueba ofrecida por los demandantes fué insuficiente para probar su caso. Pero no nos podemos escapar del hecho de que ambas partes trataron de obtener ventajas técnicas en

este caso, tratando de ganar su caso con sutilezas elaboradas a base de las alegaciones. Motivados por el propósito de que se pueda hacer justicia sustancial en este caso, abriendo las puertas para que este caso se pueda considerar en sus méritos, y no resolverse a base de tecnicismos, creemos que ambas partes deben tener la oportunidad de presentar la prueba que pueda sostener sus respectivas pretensiones. Los litigantes en sí no deben sufrir la penalidad que pueda surgir de los refinamientos procesales. Por lo tanto, en bien de la justicia, debe devolverse el caso al tribunal a quo para que se celebre la vista correspondiente del caso en sus méritos, y para que ambas partes presenten prueba. Naturalmente, para que los demandados puedan tener éxito ellos deben presentar prueba que demuestre la existencia de un conflicto de títulos.

Debe también dejarse sin efecto la imposición del pago de costas y de $250 en concepto de honorarios de abogado.

*Debe revocarse la sentencia apelada y devolverse el caso al tribunal a quo para que allí se sigan los procedimientos posteriores que no sean incompatibles con esta opinión.*