Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| LUIS ARMANDO ROSARIO REYES<br><br>Apelado<br><br>v.<br><br>DIANA AYALA SIERRA<br><br>Apelante | KLAN202401031 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso núm.: AB2024CV00140 (702)<br><br>Sobre: Desahucio en Precario |
|---|---|---|

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 16 de mayo de 2025.

Comparece ante este tribunal apelativo, la Sra. Diana Ayala Sierra (señora Ayala Sierra o la apelante), mediante el recurso de *Apelación* de epígrafe solicitándonos que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI), el 12 de noviembre de 2024, archivada en autos ese mismo día. Mediante este dictamen, el foro primario ordenó el desalojo de la apelante de la propiedad objeto de la demanda de desahucio.

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia* apelada.

### I.

El 5 de agosto de 2024, el Sr. Luis A. Rosario Reyes (señor Rosario Reyes o apelado) presentó una *Demanda* de desahucio en precario en contra de la señora Ayala Sierra.[1] En esta, sostuvo ser el dueño de una propiedad sita en el municipio de Aguas Buenas, la cual obtuvo por partición hereditaria en el caudal relicto de su

---

[1] Véase, Apéndice del Recurso, a las págs. 1-7.

abuelo. Manifestó que, desde el 20 de julio de 2023, la apelante ocupaba la propiedad ilegalmente y sin justo título. Añadió que esta mantenía una deuda por los servicios de energía eléctrica. Por tales razones, el apelado solicitó, entre otros, que se decretara el desahucio y se ordenara el lanzamiento.

El 20 de agosto de 2024, la Secretaría del foro primario expidió el emplazamiento correspondiente.[2] Mediante este, se ordenó a la señora Ayala Sierra a presentar una alegación responsiva dentro de los treinta (30) días siguientes al diligenciamiento del emplazamiento.[3] Más adelante, el 22 de octubre de 2024, notificada al siguiente día, el foro de instancia emitió una *Orden* señalando la Conferencia Inicial en el caso para el 12 de noviembre de 2024, a las 9:00 am.[4]

Tras una prórroga concedida,[5] el 7 de noviembre de 2024, la apelante instó su *Contestación a Demanda*.[6] A grandes rasgos, negó estar ocupando la propiedad ilegalmente. Por el contrario, sostuvo que residía allí junto a sus hijos con la anuencia y el consentimiento del apelado, con quien convivió en una relación de pareja por aproximadamente nueve (9) años. Como defensas afirmativas, la apelante planteó que el demandante no presentó prueba de su titularidad, ni una declaratoria de herederos que demostrara su derecho sobre la propiedad en cuestión.

El 8 de noviembre de 2024, notificada el 12 de noviembre siguiente, el foro primario emitió una *Orden* dando por aceptada la alegación responsiva de la apelante.[7]

Luego, el 12 de noviembre de 2024, el tribunal primario celebró la conferencia inicial. Conforme surge de la Transcripción de

---

[2] *Íd.*, a la pág. 8.
[3] *Íd.*
[4] *Íd.*, a la pág. 13.
[5] *Íd.*, a las págs. 9-10
[6] *Íd.*, a las págs. 16-18.
[7] *Íd.*, a la pág. 19.

la Prueba Oral (TPO), a esta compareció la apelante junto a su representante legal, y la representante legal del señor Rosario Reyes. Este último no asistió.

Por su pertinencia a las controversias ante nuestra consideración, y a la determinación arribada, transcribimos a continuación varias incidencias ocurridas en la vista, conforme surge de la TPO.[8]

> Juez: Esto es un procedimiento sumario. Usted me da los elementos del concepto de desahucio; si los tiene, vemos la vista. Si no los tiene, pues no es desahucio.[9]
>
> Lcda. Sharon E. Martínez Flores: Ciertamente, Honorable, entendemos que estamos para una vista… una conferencia inicial. Las alegaciones de la Demanda, ¿verdad?, son claras. El señor Rosario Reyes es el dueño, ¿verdad?, de la propiedad que se ubica en la Carretera 174, Kilómetro 19.7, Barrio Mula, Sector Alegres, Aguas Buenas, ¿verdad? Él adquiere, tanto el terreno como la propiedad, ¿verdad?, a título de herencia, formando esta parte de, del caudal relicto, ¿verdad?, y es una sesión a favor de él por parte de su abuelo, el señor Blas Rosario Santiago.
>
> Conjuntamente con la Demanda se sometió como anejo el documento, ¿verdad?, titulado como "Permiso de Uso 2021303781PUS07…067875", del 28 de junio de 2021, ¿verdad?, que indica que es para uso residencial, para la estructura que se edificó allí, ¿verdad?
>
> Ciertamente, el caballero tuvo una relación consensual con la dama por alrededor de ocho años. Una vez termina la relación, ¿verdad?, el caballero le pide… le solicita allá, como para mayo del 2023…[10]
>
> Lcda. Aslin Rivera Limbert: No. Con la venia del Tribunal, ¿verdad?, pues… **La compañera está pasando la prueba. ¿Dónde está su cliente?** Esto es un caso que se radicó como una demanda ordinaria.[11]
>
> Juez: No, esto es un desahucio… desahucio en precario. Vamos a ver los elementos y, y después cuando ella termine, …[12]
>
> […]
>
> Lcda. Rivera Limbert: Es que este caso se radicó como un caso ordinario y estamos para una Vista de Conferencia Inicial, conforme a la Orden del Tribunal.
>
> **Mi cliente no está presente porque está llegando y como se indicó que era una conferencia inicial,**

---

[8] Énfasis nuestro.
[9] Véase, la TPO, a la pág. 6, líneas 2-6.
[10] *Íd.*, líneas 8-25 y a la pág. 7, líneas 1-4.
[11] *Íd.*, a la pág. 7, líneas 5-9.
[12] *Íd.*, líneas 10-13.

**conforme al SUMAC** dice: "Conferencia Inicial" (ininteligible – voz sobre voz).[13]

Juez: O sea, lo que haya... Licenciada, lo que haya escrito las secretarias allá, clericalmente, porque ellas le ponen "conferencia inicial" a todo. Esto es desahucio; desahucio es sumario. Vamos a ver los elementos y qué es lo que hay.

Lcda. Rivera Limbert: **Pero es que yo no le puedo hacer preguntas a la compañera.[14]**

[...]

Juez: Vamos a esperar que ella esboce su, su, su introducción y después usted replica. ¿Está bien?

Lcda. Sharon E. Martínez Flores: Ciertamente, ¿verdad? las partes terminan la relación aproximadamente para allá, en mayo del 2023. El caballero, ¿verdad?, hace varios acercamientos de manera extrajudicial solicitándole a la dama que abandonara la propiedad, ¿verdad?, porque no tenía ya el derecho a ocuparla.

Con posterioridad hubieron *sic* varios incidentes entre las partes. Ella obtiene una Ley 54 y logra desalojarlo a él de la propiedad, ¿verdad?, Y desde ese entonces hasta el día de hoy, la dama... ya la orden de protección, ¿verdad?, caducó; ya no tiene vigencia.

El caballero ha continuado haciendo, pues, reclamaciones, ¿verdad?, que tiene que irse de la propiedad, que tiene conocimiento que esa propiedad es una herencia de él, ¿verdad?, y que ellos la ocupaban mientras eran pareja. Pero que ciertamente, ella está ahí, pues, ¿verdad?, con pleno conocimiento que no es dueña, ¿verdad? A ella se le han hecho varios requerimientos para que abandone la propiedad.

En adición, hay una solicitud, ¿verdad?, la dama ocupa la propiedad, está haciendo uso de utilidades, tanto de energía eléctrica como de agua. Y existe una deuda el día de hoy, ¿verdad?, también se estaría... se, hace constar que al mes de agosto hay una deuda, ¿verdad?, por utilidad de LUMA de 1,061 con 21, ¿verdad?

**Estaríamos solicitando... Nosotros solicitamos esta acción de desahucio**, dado a que la dama, ¿verdad?, al día de hoy no tiene ninguna defensa, ¿verdad?, ni tiene ninguna alegación, según nosotros entendemos, ¿verdad?, que establezca que tiene justo título o que tiene derecho para seguir ocupando esa propiedad.[15]

[...]

Lcda. Rivera Lambert: Nosotros contestamos la Demanda, las alegaciones que hay en la Demanda. Aquí no se ha traído prueba de la titularidad de la casa. Aquí no se ha traído la declaratoria de herederos. **Aquí se**

---

[13] *Íd.*, líneas 22-25.
[14] *Íd.*, a la pág. 8, líneas 8-10.
[15] *Íd.*, a la pág. 9, líneas 22-23.

**alega por la abogada que hay unas, unas, ¿verdad?, unos hechos que yo... no está su cliente para declarar en relación a los mismos, ni puedo yo hacerles preguntas a la compañera en cuanto a las alegaciones que se hacen de la convivencia de las partes.**[16]

Nosotros trajimos que se... las partes convivieron durante nueve años. Que ella hizo unas aportaciones a la propiedad.

Que... Nosotros, ¿verdad?, **pues no tenemos forma de preguntarle a la compañera las alegaciones ni hacer ningún tipo de defensa en estos momentos, porque el caballero no está y todo lo que la compañera ha indicado es lo que su cliente le ha informado. No estamos para una... preparados para la vista en su fondo.**[17]

[…]

Juez: O sea, volvemos, esto es un procedimiento sumario. La vista es de desahucio. Esto es un procedimiento sumario, [...] ... por segunda vez. Esto es bien sencillo. O sea, se torna... se torna hacia la parte demandada el probar si la propiedad pertenece a su cliente. En la Contestación de la Demanda yo no veo ningún documento que establezca que ella es dueña-tampoco. Porque si ella era pareja... Esto lo vemos todos los días.

Lcda. Rivera Limbert: Juez, pero es que la parte demandante tampoco ha presentado evidencia de la titularidad de la propiedad, más allá de un permiso de uso que no nos dice nada.

**Y tampoco está presente ni bajo juramento que esa propiedad es de él, más allá de lo que dice la compañera. Y tampoco se me ha dado a mí la oportunidad de contrainterrogarlo a él, porque él no está.**[18]

[…]

Lcda. Rivera Limbert: Y estábamos para una vista de conferencia inicial, porque hay una (ininteligible – voz sobre voz)...

Lcda. Rivera Limbert: **Vuelvo y *sic* insisto, Vuestro Honor, aquí estamos escuchando a la abogada. No está la parte bajo juramento aquí para poder hacerle preguntas correspondientes.**

**Aquí, la compañera ni yo podemos pasarle prueba al Tribunal. Aquí las partes son las que pasan prueba al Tribunal. Aquí hay una Demanda y una Contestación a Demanda, no está la parte.
O sea, el Tribunal no tiene a las partes aquí para tomar una determinación, a mi entender. Aquí solamente ha pasado prueba la compañera y los abogados no pasamos prueba. Con mucho respeto al Tribunal...**[19]

---

[16] *Íd.*, a la pág. 10, líneas 18-24.
[17] *Íd.*, a la pág. 11, líneas 3-8.
[18] *Íd.*, a la pág. 12, líneas 9-14.
[19] *Íd.*, a la pág. 14, líneas 4-17.

Juez: **Está claro.**

Lcda. Rivera Limbert: ... **nosotros entendemos que esto es una vista de conferencia inicial**.

Juez: No, no. Si yo entiendo su posición, pero es un procedimiento sencillo. Con la Contestación a la Demanda, si usted tiene... si usted tiene evidencia de que se clienta es dueño, lo hubiese presentado. Es bien sencillo. **O sea, porque alargar el proceso**...[20]

Juez: Cuando usted ve que el acápite dice "desahucio", es sumario y se ve en una vista. O sea, independientemente de lo que una secretaria allá abajo haya puesto en la, en la notificación que le envió.

Porque usted sabe que esas notificaciones son clericales, eso lo hacen allá, en Secretaría. Si dice "desahucio", se ve en un día. Pero esto es bien sencillo. Esto es sencillísimo. Yo lo que hago es que declaro el desahucio. Aquí no hay evidencia de la luz, del agua, nada de eso, pues eso no se va.

Y en quince días usted tiene para... Usted tiene el término de cinco días de apelación, pues apela. [...] Sin, Sin, sin imposición de fianza, porque no se puede permitir que una persona consuma en precario una propiedad que no le pertenece. A menos que haya un acuerdo, una sentencia, que usted lo hubiese sometido como anejo de la Demanda, de la Contestación, diciendo que "el (*sic*) tiene autoridad de estar ahí conforme a sentencia judicial" o "conforme a mandato", o "conforme a acuerdo entre las partes". Y todas esas cositas, en reconsideración usted me las levanta y entonces se, se, se reconsidera el asunto.[21]

Juez: [...] Y yo lo que necesito es ver los tres... los elementos del, del desahucio; quién es el dueño de la cosa y como dice aquí... como dice el Artículo, el usufructuario, el administrador, todo el que tenga derecho a administrar la cosa. [...]

Lcda. Rivera Limbert: **Nosotros volvemos a lo mismo. [...] La parte demandante no se encuentra en estos momentos presente para declarar sobre el derecho a titularidad. Solamente aquí ha testificado (ininteligible – voz sobre voz)... [...] la compañera abogada**.[22]

Juez: Licenciada, ¿durante esos nueve años que él vivió ahí, alguien le pidió que saliera de ahí; alguno de los herederos o alguien adicional? [...]

Lcda. Rivera Limbert: **Pero ciertamente, la parte demandante no está presente y es indispensable su testimonio para que el Tribunal escuche su petición y su Demanda.[23]**

**Nosotros, ¿verdad?, pues entendemos que yo no puedo contrainterrogar a la compañera sobre los**

---

[20] *Íd.*, a la pág. 14, líneas 23-25 y a la pág. 15, líneas 1-3.
[21] *Íd.*, a las págs. 16-17.
[22] *Íd.*, a la pág. 18, líneas 20, 21, 25, y a la pág. 19, líneas 1-3.
[23] *Íd.*, a la pág. 20, líneas 15-17.

**planteamientos que se han hecho, sobre todo de la titularidad de la propiedad.**[24]

...

**Nuestra posición es que en estos momentos no procede lo que se está solicitando. La parte demandante no está presente y no ha demostrado titularidad**.[25]

Lcda. Rivera Limbert: Vuestro Honor, **yo no puedo contestar esa pregunta ni la compañera tampoco. El caballero no está.** Yo no le puedo decir al Tribunal si alguien le pidió que saliera a ese señor o su relación con la familia de los herederos. **Yo no puedo contestar esa pregunta ni mucho menos la compañera**.[26]

Juez: Pues nada. Pues nada. **Tenemos igualmente el término de… apelativo de cinco días**.

Lo voy a, lo voy a librar de exposición de una fianza. Aquí no hay una renta. Los demás aspectos no han sido probados. Así que una vez advenga final y firme el término de los 20 días, tiene que desalojar la propiedad. ¿Está bien?

**El Tribunal declara Con Lugar la solicitud de desahucio**.[27]

Así las cosas, el mismo 12 de noviembre de 2024, el TPI emitió y notificó la *Sentencia* recurrida.[28] Por medio de esta, el tribunal *a quo*, "a base de la prueba presentada, admitida y creída",[29] ordenó el desalojo de la propiedad objeto de la demanda de desahucio.

En desacuerdo con el dictamen, la apelante acude ante este foro apelativo mediante el recurso de apelación de epígrafe imputándole al TPI haber incurrido en los siguientes errores:

PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ADJUDICAR EL CASO EN SUS MÉRITOS A PESAR DE QUE EL DEMANDANTE NO COMPARECIÓ A LA VISTA CELEBRADA Y LA PRUEBA DESFILADA FUE EL TESTIMONIO DE LA REPRESENTACIÓN LEGAL DE ÉSTE EN CONTRAVENCIÓN CON EL CANON 22 DEL CÓDIGO DE ÉTICA PROFESIONAL Y PRIVANDO A LA PARTE DEMANDADA DEL DEBIDO PROCESO DE LEY.

SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, AL DICTAR SENTENCIA DE DESAHUCIO A PESAR DE QUE EL DEMANDANTE NO EVIDENCIÓ TENER LEGITIMACIÓN ACTIVA PARA INCOAR LA ACCIÓN PRESENTADA Y DETERMINANDO ERA SUFICIENTE LA INEXISTENCIA DE TITULARIDAD DE

---

[24] *Íd.*, líneas 18-21.
[25] *Íd.*, a la pág. 21, líneas 11-14.
[26] *Íd.*, a la pág. 26, líneas 20-25, y a la pág. 27, línea 1.
[27] *Íd.*, a las pág. 27, líneas 2-11.
[28] Véase, Apéndice del Recurso, a la pág. 21.
[29] *Íd.*

LA DEMANDA PARA PROVEER EL REMEDIO SOLICITADO.

Junto a su recurso, la señora Ayala Sierra instó una *Moción en Solicitud de Auxilio de Jurisdicción*. El 20 de noviembre de 2024, emitimos una *Resolución* declarando la misma *Ha Lugar*. Posteriormente, el 26 de noviembre siguiente, la apelante presentó una *Moción para que se Autorice Presentación de Transcripción de la Prueba Oral*. En la misma fecha, también presentó una *Moción Informativa* notificando que la abogada del señor Rosario Reyes había sido relevada de su representación legal.

Atendidos los escritos, el 3 de diciembre de 2024, emitimos una *Resolución* en la que ordenamos a la apelante a presentar la TPO y determinamos los plazos para presentar los alegatos suplementarios y el de oposición de la parte apelada. De otro lado, concedimos un plazo de treinta (30) días al señor Rosario Reyes para gestionar nueva representación legal.

Así las cosas, el 27 de enero de 2025, la señora Ayala Sierra presentó una *Moción en Cumplimiento de Orden*. Por medio de esta, la representante legal de la apelante sostuvo que las partes se habían reunido a los fines de estipular la TPO. No obstante, adujo que el señor Rosario Reyes "nos indicó no estar en disposición de estipular la transcripción, ya que desconocía y no entendía los procesos." Así pues, la apelante sometió la transcripción de la prueba sin estipular.

Ante ello, el 28 de enero de 2025, emitimos una *Resolución*, en la que concedimos un segundo término de treinta (30) días al apelado para contratar representación legal. Advertimos que transcurrido dicho término sin que se contratase, se tendría por estipulada la TPO.

Transcurrido dicho término, sin que el señor Rosario Reyes compareciera, el 11 de marzo siguiente dimos por estipulada la

transcripción de la prueba oral. Adicionalmente, concedimos término a la apelante para presentar un alegato suplementario, de entenderlo necesario; así como otro plazo para la oposición correspondiente.

Así pues, vencidos los plazos concedidos, sin que las partes se expresaran, damos por perfeccionado el recurso ante nuestra consideración.

Analizados el escrito de apelación, el expediente apelativo y la TPO; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

**Desahucio**

El desahucio es un procedimiento especial de naturaleza sumaria cuyo objetivo principal es recuperar la posesión material de una propiedad inmueble mediante el lanzamiento o expulsión del arrendatario o precarista que la detente. *Mora Dev. Corp. v. Sandín*, 118 DPR 733, 749-750 (1987); *C.R.U.V. v. Román*, 100 DPR 318, 321 (1971). Nuestro más alto foro ha reiterado jurisprudencialmente que el desahucio es "uno de los procedimientos más utilizados en nuestro país para reivindicar, mediante trámite y juicio sumario, la posesión y el disfrute de un inmueble." *Turabo Ltd. Partnership v. Velardo Ortiz*, 130 DPR 226, 234-235 (1992).

Así, el desahucio es el procedimiento especial que tiene el dueño de una finca, sus apoderados, los usufructuarios u otra persona con derecho a disfrutarla, para recuperar la posesión de un inmueble. *Adm. Vivienda Pública v. Vega Martínez*, 200 DPR 235 (2018). El objetivo del desahucio es devolverle la posesión de hecho de un inmueble al dueño mediante el lanzamiento del arrendatario o precarista que detenta la propiedad sin pagar el canon correspondiente. *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 10 (2016). El proceso correspondiente al desahucio sumario está

reglamentado conforme lo dispuesto en los Artículos 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838.

Por otro lado, nuestro ordenamiento jurídico reconoce que los foros judiciales gozan discreción para convertir el procedimiento de desahucio en uno ordinario, prorrogar términos, posponer señalamientos e, incluso, para permitir enmiendas en las alegaciones. *Turabo Ltd. Partnership v. Velardo Ortiz, supra,* a la pág. 241. Tras una orden que convierta la reclamación a un proceso ordinario, esta estará sujeta a las reglas de litigación civil ordinaria.

**El debido proceso de ley**

La Constitución del Estado Libre Asociado de Puerto Rico, al igual que las Enmiendas V y XIV de la Constitución de los Estados Unidos, garantizan que: "ninguna persona será privada de su libertad o propiedad sin un debido proceso de ley." Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1; Emdas. V y XIV, Const. EE. UU., LPRA, Tomo 1.

El debido proceso de ley se manifiesta en dos dimensiones distintas: sustantiva y procesal. Al amparo del debido proceso sustantivo, los tribunales examinan la validez de una ley, a la luz de los preceptos constitucionales pertinentes, con el propósito de proteger los derechos fundamentales de las personas. Bajo este análisis, el Estado, al aprobar leyes o al realizar alguna actuación, no puede afectar de manera irrazonable, arbitraria o caprichosa los intereses de propiedad o libertad. R*omán Ortiz v. OGPe*, 203 DPR 947 (2020); *Rivera Rodríguez & Co. v. Lee Stowell Etc.*, 133 DPR 881 (1993); *Rodríguez Rodríguez v. E.L.A.,* 130 DPR 562 (1992). Por otro lado, en el debido proceso de ley procesal se le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo. *Román Ortiz v. OGPe*, supra; *Rivera Rodríguez & Co. v. Lee Stowell Taylor Etc.*, supra.

Se ha señalado que para que entre en vigor la protección que ofrece este derecho en su vertiente procesal tiene que estar en juego un interés individual de libertad o propiedad. *Rivera Santiago v. Srio. de Hacienda,* 119 DPR 265, 274 (1987). Una vez cumplida esta exigencia, hay que determinar cuál es el procedimiento exigido. *Íd.*

La jurisprudencia ha establecido diversos requisitos que debe cumplir todo procedimiento adversativo, para satisfacer las exigencias del debido proceso, a saber: (1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (5) **derecho a contrainterrogar testigos** y examinar evidencia presentada en su contra; (6) tener asistencia de abogado, y (7) que la decisión se base en el récord. *Román Ortiz v. OGPe,* supra; *Rivera Rodríguez & Co. v. Lee Stowell Taylor Etc.,* supra.

**Deferencia judicial**

Es norma trillada que, en ausencia de error, prejuicio o parcialidad, los tribunales apelativos no intervendrán con las determinaciones de hechos, con la apreciación de la prueba, ni con la adjudicación de credibilidad efectuadas por el Tribunal de Primera Instancia. *González Hernández v. González Hernández,* 181 DPR 746, 776 (2011); *Ramírez Ferrer v. Conagra Foods PR,* 175 DPR 799, 811 (2009). Esta norma de deferencia judicial descansa en que el juez ante quien declaran los testigos es quien tiene la oportunidad de verlos y observar su manera de declarar, apreciar sus gestos, titubeos, contradicciones y todo su comportamiento mientras declaran; factores que van formando gradualmente en su conciencia la convicción sobre la verdad de lo declarado. *Suárez Cáceres v. Com. Estatal Elecciones,* 176 DPR 31, 68 (2009).

De otra parte, cuando se evalúa la prueba documental, el foro apelativo se encuentra en las mismas condiciones que el foro de primera instancia. Al tener ante sí los mismos documentos que fueron considerados por el juzgador de instancia, no hay emociones

o comportamientos que el juzgador apelativo esté dejando fuera de la ecuación. "Somos conscientes, naturalmente, que en relación con la evaluación de prueba documental este tribunal está en idéntica situación que los tribunales de instancia". *Trinidad v. Chade*, 153 DPR 280, 292 (2001), citando a *Díaz García v. Aponte Aponte*, 125 DPR 1 (1989), y a *Ramírez, Segal & Látimer v. Rojo Rigual*, 123 DPR 161 (1989).

### III.

Previo a entrar en los méritos de los señalamientos de error, razonamos meritorio apuntalar lo siguiente. Conforme surge del expediente, el 22 de octubre de 2024, notificada al día siguiente, el foro primario emitió una *Orden*. Por medio de esta, señaló una vista de **conferencia inicial** para el 12 de noviembre de 2024. Llegado el día y comenzada la vista, las respectivas representantes legales hicieron alusión a que se encontraban en una vista de conferencia inicial, según detallaba la *Orden* emitida por el foro *a quo*.[30] No obstante, a dichos señalamientos, el Juez del tribunal primario expresó lo siguiente:

> Juez: O sea, lo que haya... Licenciada, lo que haya escrito las secretarias allá, clericalmente, porque ellas le ponen "conferencia inicial" a todo. Esto es desahucio; desahucio es sumario. Vamos a ver los elementos y qué es lo que hay.[31]

Posteriormente, en dos ocasiones distintas, la licenciada Rivera Limbert volvió a llamar a la atención del foro primario que entendía que estaban para una vista de conferencia inicial.[32] Sin embargo, el Juez nuevamente le indicó lo siguiente:

> Juez: Cuando usted ve que el acápite dice "desahucio", es sumario y se ve en una vista. O sea, independientemente de lo que una secretaria allá abajo haya puesto en la, en la notificación que le envió. Porque usted sabe que esas notificaciones son clericales, eso lo hacen allá, en Secretaría. Si dice "desahucio", se ve en un día. [...].[33]

---

[30] Véase, la TPO, a las págs. 6-7.
[31] *Íd.*, a la pág. 8.
[32] *Íd.*, a las págs. 12-14.
[33] *Íd.*, a las págs. 16-17.

De lo antes reseñado, surge de manifiesto que las partes se encontraban ante la impresión de que la vista señalada constituía una vista de conferencia inicial. Esto, pues **así lo notificó el tribunal a través de la *Orden* emitida**. Ello, no obstante, y aun cuando las partes habían alertado al juez, este les indicó que se trataba de un error clerical, y que el procedimiento de desahucio era uno sumario. Seguidamente, celebró el juicio del caso y declaró con lugar el desahucio.

Adviértase que las partes no se encontraban preparadas para atender un juicio en su fondo. Así lo expresó la representante legal de la apelante,[34] mientras que el apelado no asistió a la vista. Esto último, según inferimos, a consecuencia de la notificación enviada por el tribunal, lo que generó una situación de confusión en cuanto al tipo de vista que se estaría celebrando. Así, pues, entendemos que ello era razón suficiente para que no se celebrara el juicio de desahucio de manera sumaria.

De otra parte, no cabe duda de que la naturaleza del desahucio sumario, aun cuando así fue solicitado en la demanda, perdió tal condición cuando la propia parte demandante (apelado) le sometió al TPI un emplazamiento dirigido a la parte demandada (apelante) con la advertencia de presentar la alegación responsiva en el término de treinta (30) días, lo cual fue permitido por el tribunal *a quo*. Asimismo, como reseñamos, el foro primario, en la *Orden* del 22 de octubre de 2024, señaló la Conferencia Inicial para el 12 de noviembre, y aceptó la *Contestación a Demanda* mediante dictamen del 8 de noviembre de 2024, notificado el 12 de noviembre siguiente. Esto, en contravención a los breves términos provistos en el Código de Enjuiciamiento Civil para conducir el proceso sumario de desahucio. Relativo a este particular, el Artículo 623 del Código

---

[34] *Íd.*, a la pág. 11.

de Enjuiciamiento Civil, 32 LPRA sec. 2824, dispone que el juicio de desahucio se promoverá "por medio de demanda redactada conforme a lo prescrito para el juicio ordinario por las Reglas de Procedimiento Civil". Luego de presentada la demanda, "se mandará a convocar al actor y al demandado para comparecencia, que deberá celebrarse dentro de los diez (10) días siguientes". *Íd.*

Por tanto, ante este escenario procesal, razonamos que, desde el principio, el foro primario condujo el caso como uno ordinario, lo que ordenamos que así prosiga el mismo.

Recordemos que, consiente de la importancia del proceso sumario del desahucio, nuestro Tribunal Supremo expresó que la necesidad ocasional de que el procedimiento sumario de desahucio se convierta en uno ordinario, no puede ser una regla automática. En estos casos, la guía para prorrogar los términos, posponer los señalamientos y permitir enmiendas a las alegaciones será el sano discernimiento judicial. *Turabo LTD Partnership v. Velardo Ortiz*, supra.

Ahora bien, en vista de que el foro de instancia celebró el juicio, atendemos el primer señalamiento de error. Mediante este, la apelante sostiene que el foro primario incidió al adjudicar el caso en sus méritos, aun cuando el demandante no compareció a la vista. Le asiste la razón.

Según expone la señora Ayala Sierra en su recurso, de los extractos de la TPO antes citados surge que fue la representante legal del señor Reyes Rosario quien testificó sobre las alegaciones de la demanda. Ante dicho proceder, la representante legal de la apelante reaccionó e insistió al juzgador, en varias ocasiones, como previamente detallamos, que la abogada estaba pasando la prueba del caso y que no podía contrainterrogarla. No obstante, el juez insistió en que el procedimiento era "sencillo", y continuó la celebración de la vista.

Cuando se menciona el peso de la prueba en una acción judicial, se está refiriendo a la obligación de convencer al juzgador sobre la forma particular en que ocurrieron los hechos que se alegan. Específicamente, en un caso de desahucio, le corresponde presentar la evidencia de los elementos de la causa de acción al proponente de la misma. Asimismo, resulta importante destacar que el Artículo 620 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2821, mandata que el desahucio en precario, para ser eficaz en derecho, **el promovente**, tiene que probar la posesión real de la finca a título de dueño, de usufructuario o cualquier otro que le dé el derecho a disfrutarla. A su vez, el demandante debe probar que esa finca es la misma que está en posesión del demandado. *Meléndez v. Pacheco*, 75 DPR 95, 97 (1953). El demandante también debe presentar prueba que tienda a caracterizar la posesión de la parte demandada como una posesión en precario. *Íd.*

Por ende, el proceder del foro primario representa, sin duda, una clara violación al debido proceso de ley en su vertiente procesal. Como expusimos, este exige que todo procedimiento adversativo satisfaga ciertas exigencias que incluyen, la oportunidad de ser oído, el **derecho a contrainterrogar a los testigos** y una decisión informada basada en el récord. *Román Ortiz v. OGPe*, supra; *Rivera Rodríguez & Co. v. Lee Stowell Taylor Etc.*, supra.

Contrario a ello, en el presente caso, el foro *a quo* pronunció y adjudicó el caso sin que el apelado -como demandante- hubiese presentado la prueba fehaciente de la posesión del inmueble, así como los demás elementos que requiere la normativa. Tampoco se le dio la oportunidad a la señora Ayala Sierra de contrainterrogar a los testigos y a confrontar la evidencia. Reiteramos que de la TPO surge que fue la representación legal del apelado quien testificó sobre los hechos alegados en la demanda. En este aspecto, precisa enfatizar que el Canon 22 del Código de Ética Profesional, 4 LPRA

Ap. IX C. 22, desalienta la participación del abogado como elemento evidenciario en un pleito porque se pretende evitar mezclar la función del abogado con el papel de un testigo. *Ades v. Zalman*, 115 DPR 514, 520 (1984).

Por ello, razonamos que el primer señalamiento de error fue cometido. Consecuentemente, y en atención a la obligación de garantizar a las partes un proceso justo y equitativo, se devuelve el caso al foro primario para la celebración de la vista de desahucio conforme a los parámetros discutidos.

En virtud de lo resuelto, prescindimos de la discusión del segundo señalamiento de error.

Por último, tomamos conocimiento del Sistema Electrónico Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 16, que el 14 de noviembre de 2024, que el apelado presentó ante el TPI una *Moción por Derecho Propio* en la que expresó que dejará a la señora Ayala Sierra vivir en la casa y, además, que desiste del desahucio. Surge, además, que la moción no ha sido atendida por el foro primario.

**IV.**

Por los fundamentos expuestos, se revoca la *Sentencia* apelada. En consecuencia, se deja sin efecto la paralización de los procedimientos y devolvemos el caso al foro primario para la continuación del caso, como uno ordinario, acorde con lo aquí resuelto.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones